United States District Court
Middle District of Florida
Jacksonville Division

**JAMES R. FLEISCHMAN, JR.,**

 *Plaintiff,*

V.                  NO. 3:15-CV-897-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

# Order

Proceeding without a lawyer, James Fleischman, Jr., has filed a complaint against the Commissioner of the Social Security Administration ("SSA") seeking disclosure of records from his social-security claim files and reinstatement of his supplemental-security-income benefits following his anticipated release from prison.[1] Doc. 1. Before the Court are the Commissioner's motion to dismiss or for summary judgment for failure to exhaust administrative remedies, Doc. 18, and various motions by Mr. Fleischman, Docs. 27 (for additional relief), 31 (to oppose summary judgment in favor of the Commissioner), 33 (for summary judgment), 34 (to dismiss the Commissioner's motion for summary judgment), 37 (for summary judgment, as amended), 40 (for rulings).

Mr. Fleishman explains he is currently incarcerated and acknowledges he therefore is currently ineligible to receive benefits.[2] In his complaint, he seeks his

---

[1] A court must hold a pleading drafted by a litigant proceeding without a lawyer to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). That standard applies here.

[2] A person is "not eligible for SSI benefits for any month throughout which [he] is a resident of a public institution." 20 C.F.R. § 416.211(a)(1). A public institution is an institution operated by the federal government, a state, or a political subdivision

social-security records from 1988 to 2012 and reinstatement of benefits upon his release. Doc. 1 ¶¶ 1, 3, 7. He complains about an informal decision in an April 15, 2015, letter from the SSA to him that he is ineligible for benefits while incarcerated because it states the decision was based on an April 13, 2015, talk with him that never occurred. Doc. 1 ¶ 5; Doc. 1-1.

As the Commissioner contends, Doc. 18, this Court does not have jurisdiction to consider Mr. Fleischman's claims under 42 U.S.C. § 405(g),[3] incorporated in 42 U.S.C. § 1383(c)(3), to the extent he seeks benefits or challenges their denial because, whether considering any recent request prompting the April 15, 2015, letter or made in this action or any previous request for benefits allegedly wrongfully denied between his earlier period of release from prison and return to prison on a probation violation, he presents no final decision of the Commissioner made after a hearing. *See* Docs. 18-1–18-3. The Commissioner has not waived the exhaustion requirement, the claims are not collateral, there is no colorable constitutional question (either in the complaint or in other filings that would warrant leave to amend), and exhaustion

---

of a state. 20 C.F.R. § 416.201. A person is a resident of a public institution if he "can receive substantially all of his or her food and shelter while living" there; the term includes inmates in public institutions. 20 C.F.R. § 416.201. The SSA suspends a recipient's benefits beginning with the first full calendar month in which he resides in a public institution throughout that month. 20 C.F.R. § 416.1325(a). The SSA "will terminate [a claimant's] eligibility for benefits following 12 consecutive months of benefit suspension for any reason." 20 C.F.R. § 416.1335.

[3]Section 405(g) states: "Any individual, after any final decision of the Commissioner … made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner … may allow." Unless subsection (g) applies, the Commissioner's "findings and decision … after a hearing shall be binding upon all individuals who were parties to such hearing," "[n]o findings of fact or decision … shall be reviewed by any person, tribunal, or governmental agency," and "[n]o action against the United States, the Commissioner … , or any officer or employee thereof shall be brought under [28 U.S.C. §§ 1331 or 1346] to recover on any [disability] claim." 42 U.S.C. § 405(h).

does not appear impractical or inconsistent with exhaustion principles.[4] To obtain a final decision, he must exhaust the administrative review process.[5]

---

[4] A court may excuse a claimant's failure to exhaust administrative remedies when the Commissioner waives the exhaustion requirement, *Weinberger v. Salfi*, 422 U.S. 749, 766–67 (1975); if the only contested issue is collateral to consideration of the claimant's claim, involves a colorable constitutional question, and rests "on the proposition that full relief cannot be obtained at a postdeprivation hearing," *Mathews v. Eldridge*, 424 U.S. 319, 330–31 (1976) (quoted); *see Califano v. Sanders*, 430 U.S. 99, 109 (1977) (observing *Salfi* and *Mathews* found jurisdiction existed where constitutional claims were at issue because denial of jurisdiction "would effectively have closed the federal forum to the adjudication of colorable constitutional claims"); or when exhaustion is "impractical and inconsistent with the exhaustion principles," *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997); *accord Bowen v. City of New York*, 476 U.S. 467, 484−85 (1986). For a constitutional claim to be colorable, it need not be substantial but must have some possible validity. *Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984). A claimant's constitutional claim is collateral to his claim for benefits if he seeks no award of benefits. *Bowen*, 476 U.S. at 483. But a claim that is, "at bottom, a claim that [he] should be paid" benefits is not collateral. *Heckler v. Ringer*, 466 U.S. 602, 614, 618 (1984).

[5] The Commissioner has established an administrative review process a claimant must follow to receive benefits or, ultimately, judicial review of their denial. 20 C.F.R. § 416.1400(a); *see Bowen*, 476 U.S. 471−72 (describing process). A claimant must apply to receive benefits. 20 C.F.R. § 416.305(a). The SSA considers an application to be a claim for benefits if he completes and signs an application form prescribed by the SSA, files the form with an office designated to receive applications, and is alive at the time of filing. 20 C.F.R. § 416.310(a)–(d). From there, a state agency acting under the Commissioner's authority makes an initial determination. 20 C.F.R. §§ 416.1400−416.1406. If the claimant is dissatisfied with the initial determination, he may ask for reconsideration. 20 C.F.R. §§ 416.1407−416.1422. If he is dissatisfied with the reconsideration determination, he may ask for a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 416.1429−416.1443. If he is dissatisfied with the ALJ's decision, he may ask for review by the Appeals Council. 20 C.F.R. §§ 416.1467−416.1482. If the Appeals Council denies review or makes a decision, he may sue in federal district court. 20 C.F.R. § 416.1481. The regulations define "final decision" with reference to that administrative review process: "When you have completed [the process], we will have made our final decision." 20 C.F.R. § 416.1400(a)(5). If the Appeals Council grants review, its decision is the final decision. 20 C.F.R. §§ 416.1401, 416.1455 & 416.1481. If it does not, the ALJ's decision is the final decision. 20 C.F.R. §§ 416.1401, 416.1455 & 416.1481. If a claimant does not request review from the Appeals Council, "there

Mr. Fleischman also alleges the SSA never responded to his requests for his records from 1988 to 2012 and seeks production of those records, Doc. 1 at 1, which the Court construes as a claim under the Privacy Act of 1974, 5 U.S.C. § 552a, based on the alleged denial of access to records about him.[6] The Commissioner does not address that claim. *See generally* Doc. 18.

The Privacy Act "gives agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004). It imposes on agencies maintaining a "system of records"[7] an obligation to allow a person "to gain access to his record or to any information pertaining to him which is contained in the system" upon his request. 5 U.S.C. § 552a(d)(1). It also requires such agencies to "establish procedures for the disclosure to an individual upon his request of his record or information pertaining to him, including special procedure, if deemed necessary, for the disclosure to an individual of medical records, including psychological records, pertaining to him." 5 U.S.C. § 552a(f)(3).

The Privacy Act creates a civil action for four categories of agency failures. *Doe*, 540 U.S. at 618; *see* 5 U.S.C. § 552a(g)(1)(A)–(D). Pertinent here, if an agency "refuses

---

is no final decision and … no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

[6]To avoid unnecessary dismissal, to avoid an inappropriately stringent application of formal label requirements, and to create better correspondence between a pleading's substance and its legal basis, *Castro v. United States*, 540 U.S. 375, 381–82 (2003), federal courts must look beyond the label of a pro se pleading to decide if it is cognizable under a different remedial statutory framework, *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010).

[7]The Privacy Act defines "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

4

to comply with an individual request [for access to his own records] under subsection (d)(1)," the person who requested access may bring a civil action in federal district court. 5 U.S.C. § 552a(g)(1)(B). In such a case, "the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A).

To state a claim under the Privacy Act for denial of access to records, a plaintiff must allege (1) he requested access to his records; (2) the agency denied his request; and (3) the agency's denial or failure to act was improper under the Privacy Act. *See* 5 U.S.C. §§ 552a(g)(1)(B), (3)(A); *see also Bosworth v. United States*, No. CV 14-0283 DMG(SS), 2016 WL 5662045, at *4 (C.D. Cal. July 22, 2016) (unpublished); *Cornelius v. McHugh*, No. 3:14-cv-00234-MGL, 2015 WL 4231877, at *6 (D.S.C. July 13, 2015) (unpublished); *Semrau v. U.S. Immigration & Customs Enforcement*, No. 5:13-cv-188-DCB-MTP, 2014 WL 4626708, at *6 (S.D. Miss. Sept. 12, 2014) (unpublished); *Singh v. U.S. Dep't of Homeland Sec.*, No. 1:12-cv-00498-AWI-SKO, 2014 WL 67254, at *4 (E.D. Cal. Jan. 8, 2014) (unpublished); *Biondo v. Dep't of Navy*, 928 F. Supp. 626, 631 (D.S.C. 1995).

Submission of a properly framed request for records is a necessary element of a claim based on denial of access to records. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 475 n.6 (5th Cir. 1997) (stating in dictum that "submission of a properly framed request … is a necessary element of Taylor's claim for injunctive relief. … [T]o the extent that Taylor never presented the IRS with a proper Privacy Act request, the IRS never *improperly* withheld records from him") (emphasis in original); *Banks v. U.S. Marshal*, No. CIV-07-0229-F, 2007 WL 2238342, at *4 (W.D. Okla. Aug. 1, 2007) (unpublished) (citing *Taylor*; finding plaintiff failed to state a claim under the Privacy Act because, "[h]aving failed to properly request documents from an agency, Plaintiff cannot demonstrate that any document he requested has been improperly withheld").

Although the Commissioner does not address Mr. Fleischman's Privacy Act claim, the claim cannot go forward absent amendment because Mr. Fleischman does not allege the substance of his request for records with sufficient specificity to indicate whether his request was proper. A proper request for records must comply with the relevant agency's regulations governing such requests.[8] *See Taylor*, 127 F.3d at 475 n.6. Mr. Fleischman may amend his complaint with respect to his claim for his social-security records under the Privacy Act to provide more specific allegations about his request for records from the SSA.[9] Alternatively, the Commissioner may work with

---

[8]The SSA's regulations under the Privacy Act impose requirements on requests for records. A person requesting his own records

> must specify which systems of records [he] wish[es] to have searched and the records to which [he] wish[es] to have access. ... Also, [the SSA] may ask [him] to provide sufficient particulars to enable [it] to distinguish between records on individuals with the same name.

20 C.F.R. § 401.40(b). Any written request for records must be sent to "the manager of the SSA system of records" at issue. 20 C.F.R. § 401.40(c). A person need not "use any special form" but must provide "enough identifying information about the record [he] want[s] to enable [the SSA] to find" the record, including "the system of records in which the record is located and the name and social security number (or other identifier) under which the record is filed." *Id.* The SSA will "not honor requests for all records, all information, or similar blanket requests." *Id.*

With respect to requests for medical records, the requesting person must "name a representative in writing [such as a physician or other health professional] … who will be willing to review the record and inform [the requester] of its contents," although in some cases the requester might be able to access his own medical records directly. 20 C.F.R. § 401.55(b)(1)(ii), (2).

[9]Under Federal Rule of Civil Procedure 15(a), a court should freely allow a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

6

Mr. Fleischman to provide the requested documents to him and file an appropriate motion.[10]

Denial of Mr. Fleischman's motions for additional relief (Doc. 27), opposing the Commissioner's motion (Doc. 31), and for summary judgment (Docs. 33, 37) is warranted because they only relate to his claim for benefits.[11] His motion to dismiss the Commissioner's motion based on the Commissioner's alleged failure to provide its motion to him (Doc. 34) is moot because the Court has since directed the Clerk of Court to mail the motion to him, *see* Doc. 38 at 1, and he has not indicated he never received it. Granting his motion for rulings (Doc. 40) is warranted but only to the extent the Court rules on all pending motions through this order.

The Court:

(1) **grants** the Commissioner's motion to dismiss Mr. Fleischman's complaint or for summary judgment, Doc. 18, to the extent the Court **dismisses without prejudice** Mr. Fleischman's claims arising under the Social Security Act;

(2) **denies** Mr. Fleischman's motions for additional relief, Doc. 27; opposing the Commissioner's motion to dismiss or for summary judgment, Doc. 31; and for summary judgment, Docs. 33, 37;

(3) **denies as moot** Mr. Fleischman's motion to dismiss the Commissioner's motion to dismiss or for summary judgment, Doc. 34;

---

[10] An agency's production of records requested under the Privacy Act moots a claim under the Privacy Act for wrongful denial of access to records, *Lovell v. Alderete*, 630 F.2d 428, 430–31 (5th Cir. 1980), even if it produced the records after the plaintiff filed a lawsuit in federal court, *see Campbell v. Soc. Sec. Admin.*, 446 F. App'x 477, 478–80 (3d Cir. 2011).

[11] In the motion opposing the Commissioner's motion, Mr. Fleischman repeats the allegation that the SSA never responded to his request for records, *see* Doc. 31 at 3, but seeks no relief on his claim for the records, *see id.* at 4–5.

(5)  **grants in part** Mr. Fleischman's motion for rulings, Doc. 40, but only to the extent he requests rulings on pending motions; and

(6)  **directs** Mr. Fleischman to file an amended complaint amending his claim for his social-security records under the Privacy Act by **February 10, 2017**. Failure to do so may result in dismissal of the entire action without prejudice.

**Ordered** in Jacksonville, Florida, on December 29, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

James R. Fleischman, Jr., J20347
Graceville Correctional Facility
5168 Ezell Road
Graceville, Florida 32440